UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL GUZMAN, administrator of the Estate of Monika Feczko Guzman, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>PROGRESSIVE MANAGEMENT SYSTEMS, and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, MICHAEL GUZMAN, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, PROGRESSIVE MANAGEMENT SYSTEMS ("PMS"), and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because jurisdiction is not founded solely on diversity of citizenship and the Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Union County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. PMS maintains a location at 1521 West Cameron Avenue, West Covina, CA 91790-2738.

8. Upon information and belief, PMS uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

9. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from PMS, concerning a debt which:

  a. used a symbol on or visible through the window of the envelope that when read reveals the addressee's account and/or file number or which otherwise revealed the addressee's account and/or file number on or through the envelope. and/or

  b. includes a charge for "interest" and/or other fees, which are not expressly authorized by the agreement creating the debt or permitted by law.

- The Class period begins one year to the filing of this Action. <u>The class definition may be subsequently modified or refined</u>.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that were sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has,

in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy):

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA including but not limited to:

       15 U.S.C. §§ 1692e; 1692e(2)(A); 1692f; 1692f(1); and 1692f(8)

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Sometime prior to November 22, 2016, Plaintiff allegedly incurred a financial obligation to EMERGENCY & ACUTE CARE MEDICAL CORP. ("EACMC").

15. The EACMC obligation arose out of a transaction, in which money, property, insurance or services, which is the subject of the transaction, was primarily for personal, family or household purposes.

16. The EACMC obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. EACMC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18. On or before May 24, 2017, the EACMC obligation was assigned to PMS for the purpose of collection.

19. At the time the EACMC obligation was placed with PMS, the balance was in default.

20. PMS caused to be delivered to Plaintiff a letter dated July 4, 2017, which was addressed to Plaintiff and sought a "Total Due" of $5,675.31. **Exhibit A.**

21. The July 4, 2017 letter stated in part:

    Principal:         $5,641.00
    Interest:          $34.31
    Total Due:         $5,675.31
    Rate of Interest:   6.00%

22. The July 4, 2017 letter states an "Account Number" of xxxxxxxx212.

23. The July 4, 2017 letter was sent to Plaintiff in connection with the attempted collection of the EACMC obligation.

24. The July 7, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. The July 7, 2017 letter was sent or caused to be sent by persons employed by PMS as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. Upon receipt, Plaintiff read the July 7, 2017 letter

27. As part of PMS' customary and usual practice, the July 4, 2017 letter was mailed in a window envelope.

28. The July 7, 2017 letter displayed a "bar" code which revealed Plaintiff's account number of xxxxxxxx212 AND the amount of the alleged debt 5675.31 (redacted) (Exhibit A).

29. Any agreement between Plaintiff and EACMC, which created the debt, does not provide for a charge of interest.

30. No New Jersey law permits a charge for interest relating the EACMC obligation at the time the July 4, 2017 letter was mailed to Plaintiff.

31. The account and/or file numbers constitute personal identifying information.

32. The account and/or file numbers are a piece of information that can identify the Plaintiff.

33. The account number is not meaningless - it is a piece of information capable of identifying [the consumer] as a debtor. And its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address. *Douglass v. Convergent Outsourcing*, 765 F. 3d 299 (3rd Cir. 2014).

34. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

35. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

36. Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

37. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

38. Plaintiff has suffered damages and other harm as a direct result of PMS' actions, conduct, omissions and violations of the FDCPA described herein.

## POLICIES AND PRACTICES COMPLAINED OF

39. It is PMS policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using unfair or unconscionable means to collect or attempt to collect any debt;

(b) Using language and/or symbols on envelopes mailed to consumers that reveal information other than the debt collector's address;

(c) Attempting to collect amount incidental to the principal, which is not express authorized by the agreement creating the debt or permitted by law; and

(d) Falsely representing the amount of the debt.

40. On information and belief, HARRISON sent and/or caused to be sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New Jersey.

## COUNT I

### VIOLATION FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq*.

41. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

43. PMS violated 15 U.S.C. § 1692f(8) by:

   a. using unfair and unconscionable collection practices in connection with the collection of a debt;

   b. using language and/or symbols on or which appeared through envelopes mailed to consumers that reveal information other than the debt collector's address, in violation of 15 U.S.C. § 1692f(8).

44. PMS violated 15 U.S.C. § 1692f(1) by attempting to collect interest in the amount of $34.31, when the agreement creating the debt does not expressly authorize such interest.

45. PMS further violated 15 U.S.C. § 1692f(1) by attempting to interest in the amount of $34.31, when no New Jersey law or statute permits the charging such interest.

46. Section 1692e *et seq.* of the FDCPA prohibits the debt collector from making any false, representation in connection with the collect of any debt.

47. PMS violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the amount of the debt.

48. By reason thereof, PMS is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated Sections 1692f and 1692e of the FDCPA, entitling Plaintiff and others similarly situated to actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: July 18, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
Jones, Wolf & Kapasi, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: July 18, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

1521 WEST CAMERON AVE.
WEST COVINA CA 91790-2738

MONIKA FECZKO GUZMAN

DSA # 002

PRESORTED
FIRST CLASS





PROGRESSIVE MANAGEMENT SYSTEMS
1521 WEST CAMERON AVE.
WEST COVINA CA 91790-2738
(866) 767-1035

| | |
|---|---|
| Account Number: | 212 |
| Client Reference: | |
| Services Rendered To: | MONIKA FECZKO GUZMAN |
| Date Assigned to Agency: | 05-24-2017 |
| Principal: | 5641.00 |
| Interest: | 34.31 |
| Total Due: | 5675.31 |
| Rate of Interest: | 6.00% |

Creditor: EMERGENCY & ACUTE CARE MEDICAL CORP

You are hereby notified that a negative credit report reflecting on your credit has been submitted to a credit reporting agency since you have failed to fulfill the terms of your credit obligations.

If you feel this reporting was done in error, please contact our office immediately.

Sincerely,

TERA H.-778
Account Representative

**(866) 767-1035**

This communication has been sent to you by a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Calls to or from this company may be monitored or recorded.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Rev. 01/2017

Enclose Below Stub With Your Remittance



PROGRESSIVE MANAGEMENT SYSTEMS
1521 WEST CAMERON AVE.
WEST COVINA CA 91790-2738



IF PAYING BY VISA, MASTERCARD, OR AMERICAN EXPRESS, FILL OUT BELOW

☐ VISA  ☐  ☐  ☐ MEDFLEX HEALTH SAVINGS ACCOUNT

| CARD NUMBER | | CVV CODE | AMOUNT PAID |
|---|---|---|---|
| SIGNATURE | | | EXP. DATE |
| PRINT NAME | | | |
| STATEMENT DATE 07/04/17 | CURRENT BALANCE 5675.31 | ACCOUNT NUMBER | 212 |

ELECTRONIC SERVICE REQUESTED

For questions call: (866) 767-1035

MONIKA FECZKO GUZMAN

PROGRESSIVE MANAGEMENT SYSTEMS
P.O. BOX 2220
WEST COVINA, CA 91793-2220

**California Residents:**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or your spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in your area. State and federal law require debt collectors to treat you fairly, and prohibit debt collectors from using profane language or making improper communications with third parties, including your employer.

**Residentes de California:**
La ley estatal Rosenthal de Práctica Equitativa de Cobro de Deudas (Rosenthal Fair Debt Collection Practices Act) y la ley federal de Práctica Equitativa de Cobro de deudas requieren que, salvo bajo circunstancias inusuales, cobradores no deben comunicarse con usted antes de las 8 de la mañana y después de las 9 de la noche. Ellos no deben hostigarlo usando amenazas de violencia o arresto, o usando palabras obscenas. Los cobradores no deben usar información falsa o engañosa o llamarle a su trabajo si ellos saben o hay alguna razón para que ellos se imaginen que usted no puede recibir llamadas personales en el trabajo. Generalmente, los cobradores no deben hablar con ninguna persona sobre su deuda, a menos que se trate de su abogado o su esposa/o. Los cobradores pueden hablar con otra persona para confirmar su dirección o hacer cumplir un fallo. Para más información sobre las actividades de cobranza, usted puede llamar sin ningún costo al 1-877-FTC-HELP (1-877-382-4357); o puede visitar www.ftc.gov. Servicios gratuitos de consejería de crédito, pueden estar disponibles en su area. La ley federal y estatal requieren que los cobradores de deudas le den un trato justo, y prohibe que los cobradores de deudas usen un lenguaje profano o que se comuniquen de una manera impropia con terceras personas, que incluye a su patrón.

**Colorado Residents:**
Colorado Location:
13111 E. Briarwood Ave #340, Centennial, CO 80112
Telephone (303) 309-3839
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**Maine Residents:**
Progressive Management System's Operating Hours:
Monday-Friday 8AM-5PM Pacific Standard Time

**Massachusetts Residents:**
Notice of Important Rights:
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**Minnesota Residents:**
This collection agency is licensed by the Minnesota Department of Commerce.

**Nevada Residents:**
If the consumer pays or agrees to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as: an acknowledgement of the debt by the consumer; and a waiver by the consumer of any applicable statute of limitations set forth in NRS 11.190 that otherwise precludes the collection of the debt; and if the consumer does not understand or has questions concerning his/her legal rights or obligations relating to the debt, the consumer should seek legal advice.

**New York City Residents:**
New York Department of Consumer Affairs License Number: 1424200 and 1475015-DCA

**North Carolina Residents:**
North Carolina Permit Number: 101836 and 111917

**Tennessee Residents:**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Wisconsin Residents:**
This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.